**Guo Hua ZHANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–3707–AG NAC.

United States Court of Appeals, Second Circuit.

Jan. 10, 2006.

John Z. Zhang, New York, New York, for Petitioner.

Toi Denise Houston, Assistant United States Attorney, Hammond, Indiana, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the decision of the BIA VACATED with respect to the petitioner's asylum and withholding of removal claims, and the case REMANDED to the BIA for further proceedings consistent with this decision.

Guo Hua Zhang, through counsel, petitions for review of the June 2004 BIA order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Attorney Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

In this case, the IJ's adverse credibility and insufficient evidence findings were based on flawed reasoning, including the following:

■ 1) The IJ improperly found that Zhang's claim for political asylum was "very much devoid of detail," but she failed to state at which point Zhang's testimony was deficient. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (stating the IJ must provide "specific, cogent" reasons for rejecting an applicant's testimony); *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403–04 (2d Cir.2005) (holding that the IJ's reasoning was flawed because it lacked a reasoned evaluation of the evidence).

■ 2) The IJ asserted that Zhang's claim was "highly contradictory," but pointed to only one contradiction: that Zhang initially testified that he was too young to be raised in the Christian religion and that he had become Christian after moving to the United States, but later testified that he had been a Christian his whole life. Zhang's claim focused in substantial part on his posting of anti-government leaflets, not his Christianity. Thus, this relatively minor inconsistency involved a collateral matter and cannot form the sole basis for an adverse credibility finding. *See Secaida–Rosales*, 331 F.3d at 308.

■ 3) The IJ failed to identify the type of documentary evidence Zhang should have submitted regarding his parents detention and show that such documentation was reasonably available to Zhang. *See Jin Shui Qiu v. Ashcroft*, 329

F.3d 140, 153 (2d Cir.2003). Further, in finding that Zhang had not submitted corroborative proof that the police had closed his barber shop, the IJ failed to acknowledge the notice provided by Zhang stating that his barber shop had been closed due to his activities.

▇ Zhang failed to raise the issue of CAT relief in his petition for review, thus it is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is the petition for review is GRANTED, the BIA's decision is VACATED with respect to Zhang's asylum and withholding of removal claims, and the case REMANDED to the BIA for further proceedings consistent with this decision. The petition is DISMISSED with respect the CAT claim. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).